### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT IRELAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br><br>No. 14-1012-JWL |

### MEMORANDUM AND ORDER

This matter is before the court on plaintiff's "Motion for Attorney Fees" pursuant to the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412) (Doc. 16). The Commissioner does not argue that the hourly rate requested by counsel is unreasonable or that an unreasonable amount of time was expended in preparing briefs. Rather, she argues that no fee is due because the position taken by the government was "substantially justified." The matter has been fully briefed and is ripe for a decision. The court finds that the position taken by the government was not "substantially justified" as that term is used in the EAJA, and orders that fees in the amount of $5,383.50 shall be awarded to Plaintiff for the purpose of compensating his attorneys.

**I.      Background**

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits and supplemental security income benefits. (Doc. 1). The Commissioner answered and filed the transcript of record with the court. (Doc. 9). After briefing was complete, the court determined that neither the record nor the law would support the Administrative Law Judge's (ALJ) finding that cognitive disorder was not a medically determinable impairment of Plaintiff, that the ALJ specifically ignored any potential limitations resulting from that impairment, and that remand was necessary for a proper evaluation of that impairment. (Doc. 14). Plaintiff now seeks payment of attorney fees pursuant to the EAJA. (Doc. 16).

Plaintiff's counsel, Ms. Kathleen E. Overton, has established by attachments to her briefs that: (1) she represents plaintiff in this matter, (2) that compensation in excess of $125.00 is justified by increases in the cost of living, and (3) she expended twenty-nine and one-tenth hours in representing plaintiff including: (a) twenty-five and one-tenth hours in case preparation before this court, and (b) four additional hours in preparation and defense of the EAJA fee application.

## II.   Legal Standard

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA,[1] 28 U.S.C. § 2412(d)(1)(A),

---

[1] In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of

requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact. Id. The Commissioner bears the burden to show substantial justification for her position. Id.; Estate of Smith, 930 F.2d at 1501. The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living. Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The party seeking attorney fees bears the burden of proving that his request is reasonable and must "submit evidence supporting the hours worked." Hensley, 461 U.S. at 433, 434. The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989). The Commissioner argues that the position of the United States was substantially justified but does not dispute the cost of living adjustments computed by

---

> the United States was substantially justified or that special circumstances make an award unjust. . . .
>
> (2)(A) For the purposes of this subsection--
>
> . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, . . . justifies a higher fee.

28 U.S.C. § 2412.

plaintiff, or the hours expended in pursuing this matter.  Therefore, the court finds that the hourly rates, the hours expended, and Plaintiff's calculations are reasonable in the circumstances.

### III.  Discussion

#### A.  Arguments

The Commissioner argues that the mere fact of error in the Commissioner's decision does not establish that the government's position was not substantially justified, and neither will arguing that any error was harmless.  She argued before this court that any error in failing to assign restrictions to Plaintiff's cognitive disorder was harmless because the ALJ assigned mental limitations resulting from other mental impairments, and Plaintiff did not establish additional limitations from his cognitive impairment which were greater than those resulting from the other impairments.  She argued that the medical sources who found cognitive disorder found only mild and moderate limitations which are consistent with the limitations assessed by the ALJ.  She argues that based upon these facts, "it was at least reasonable for the Commissioner to argue that the residual functional capacity finding accounted for the credible effects of Plaintiff's mental limitations."  (Doc. 19, p.3) (hereinafter Comm'r EAJA Response).

Plaintiff argues that although the Commissioner may have presented a reasonable argument that the ALJ's determination was consistent even with a finding of cognitive impairment, that argument ignores that the ALJ's decision was unreasonable in law and fact and that the RFC assessed cannot account for the effects of Plaintiff's cognitive

impairment because an impairment which is "not medically determinable" cannot be, and in this case was not, considered in assessing RFC limitations.

### B.   Analysis

The court agrees with Plaintiff.  As Plaintiff points out, in the decision of this case, the court specifically found that neither the record nor the law would support the Administrative Law Judge's (ALJ) finding that cognitive disorder was not a medically determinable impairment of Plaintiff.  (Doc. 14, pp.7-8).  The court explained that this was so because both normative testing and psychiatric signs recorded in the record evidence demonstrate the presence of cognitive disorder, and because Dr. Heredia, Dr. Welch, and Ms. Leonard were all able to diagnose cognitive disorder.  (Doc. 14, pp.9-11).  The ALJ's decision was not reasonable in fact.  Moreover, it was not reasonable in law to reject the diagnoses of cognitive disorder because the court found there was no conflicting evidence or opinion suggesting that Plaintiff did not have a cognitive disorder, and in such circumstances, the ALJ's decision otherwise is merely the substitution of his lay opinion for the opinions of these healthcare providers, and that is legal error.  Id. at 11-12 (citing McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002)).  Finally, it is not reasonable in law for the Commissioner to have argued before this court that the error was harmless and that the ALJ's RFC assessment also accounted for any limitations resulting from Plaintiff's cognitive disorder.  As the court explained in its decision, this is a legal impossibility because when an ALJ determines an impairment is "not medically determinable" in a particular case he may not include any limitations allegedly resulting

from that alleged impairment in his RFC assessment.  Id., at 12-13.  Moreover, the court specifically noted that in this case the ALJ had excluded consideration of limitations allegedly resulting from cognitive disorder from his RFC assessment.  Id.

The Commissioner has not shown that her position either in the proceedings below or in proceedings before this court were substantially justified.  Therefore, it is appropriate for the court to award attorney fees to Plaintiff pursuant to the EAJA.  As noted above, the Commissioner does not argue that the hourly rate requested by counsel is unreasonable or that an unreasonable amount of time was expended in preparing briefs.  Moreover, the court found that the hourly rates, the hours expended, and Plaintiff's calculations are reasonable in the circumstances of this case and, lacking any objection by the Commissioner it has determined to award the fees requested.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion for Attorney Fees" (Doc. 16) is GRANTED, and that fees shall be awarded in the sum of $5,383.50.

Dated this 13th day of May 2015, at Kansas City, Kansas.

s:/   John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**